No. 3893

**Second Circuit**

———

HALL v. SPENCER ET AL.

———

(December 23, 1930. Opinion and Decree.)

———

Shotwell & Brown, of Monroe, attorneys for plaintiff, appellee.

Dhu Thompson, of Monroe, attorney for defendants, appellants.

WEBB, J. In this action plaintiff, E. S. Hall, seeks to obtain an injunction against defendants, W. L. and John Spencer, restraining them from taking gas from a pipe line located on lands belonging to defendants and their co-heirs, other than for the principal dwelling house located on the premises.

Plaintiff alleged, in substance, that he had acquired, by assignment from the Transcontinental Oil Company, the gas and gas rights, together with a gas well, in and on certain lands, referred to above as the premises, which had been acquired by the Transcontinental Oil Company under an oil and gas lease from defendants and their co-heirs, in which lease there was a stipulation that the lessors should have gas free of cost from any well producing gas only, for all stoves and inside lights for the principal dwelling house located on the land, by making their own connections "with the wells at their own risk and expense," and that, in the assignment to plaintiff, there was a stipulation that the gas rights were conveyed subject to the terms, conditions, and stipulations set forth in the lease.

Plaintiff further alleged that he had drilled several gas wells on the premises, and that defendants, W. L. and John Spencer, being two of the lessors, had constructed a gas line and distributing system, which they had connected to one of the gas wells belonging to plaintiff, through which they were illegally, without right or authority, furnishing gas to various and sundry houses, other than the principal dwelling house on the premises, among which there were enumerated a dwelling house and store occupied by W. L. Spencer, and various tenant houses on the premises, and that said defendants were without right to take gas from the wells, other than for use in the principal dwelling house which was occupied by John Spencer.

Plaintiff further alleged that he had demanded of defendants that they cease taking gas for other uses than for the principal dwelling house, which they had refused to do, and that a writ of injunction was necessary to protect his rights; and he prayed that a rule issue against defendants ordering them to show cause why a preliminary writ of injunction should not issue restraining them from withdrawing gas from plaintiff's wells for any other

purpose than for use in the principal dwelling house on the premises, and that, on trial of the rule, the injunction be issued, and on final hearing maintained and perpetuated.

The rule was issued, and defendants appeared by counsel, and pleaded that E. S. Hall, plaintiff, was not the true owner of the gas rights, and was merely an interposed party for the convenience of the Interstate Natural Gas Company, Inc., and that plaintiff was without right or interest to prosecute the suit.

On the plea being submitted and overruled, defendants answered admitting that the lease had been made to the Transcontinental Company, denying that any assignment had been made to plaintiff, or that their gas line was attached to plaintiff's wells or pipe line, or that they were taking any gas belonging to plaintiff. Defendants further answered in the alternative, in event it should be held that they were taking gas owned by plaintiff, that the lease contract was modified in a certain suit brought by the lessors against the Transcontinental Company, and that the lessors had been recognized to have the right to take gas under the lease, free of charge, for use in a dwelling house and store occupied by W. L. Spencer, as well as for use in the principal dwelling house on the premises.

Further, defendants admitted that the gas line constructed by them had been connected with the various tenant houses on the premises, but denied that they made the connections or consented thereto, and prayed that the rule be discharged at plaintiff's cost.

On trial of the rule, a preliminary injunction was issued, from which defendants were granted a suspensive appeal, and,

in presenting the cause here, appellants urge that the plea originally filed should have been sustained, and in any event that the evidence failed to establish that the gas line of defendants was connected with the wells of plaintiff or that defendants were taking any gas owned by plaintiff, and that the rule should have been discharged; and finally, in the alternative, appellants urge that the lease had been modified, and that they were entitled to take gas under the terms of the modified lease free of charge, not only for the principal dwelling house on the premises, but also for a dwelling house and store occupied by W. L. Spencer, one of the co-lessors and co-owners of the property.

The last plea which is made in the alternative, as well as the plea that E. S. Hall was not the owner of the gas rights in the premises and that he was an interposed party, presupposes that the action is to determine the extent of the lessor's rights under the lease, and, in the alternative plea, we gather that defendants claim the right to show that the original lease was modified in an action between the original lessee, Transcontinental Company, and the co-lessors and co-owners of defendants.

There was not any allegation that defendants were authorized to represent their co-owners or co-lessors, and, the right reserved to take gas produced from the land being a covenant running with the land (Thornton, Oil & Gas, vol. 1, p. 289, sec. 99), and indivisible, all of the owners of the land would necessarily have to be made parties to an action involving any question as to the gas rights reserved, which would also involve the construction of the lease. And we do not think that defendants, being only two of the co-owners or co-lessors of the property, could raise any question involving the rights of their

co-owners or co-lessors, and therefore the alternative defense was properly rejected.

The pleas that plaintiff, E. S. Hall, was not the owner of the gas rights in the premises, and that he was merely a party interposed and without right to prosecute the suit, are not sustained by the evidence, which shows that the gas rights in the premises were transferred to Hall by the original lessee, Transcontinental Company. There is not any evidence tending to show that E. S. Hall was a fictitious person, and, with the exception of parol testimony, which was not admissible (Hanby v. Texas Company, 140 La. 189, 72 So. 933; Barrow v. Grant's Estate, 116 La. 953, 41 So. 220, and authorities cited), there is not any evidence which indicates that plaintiff was not the owner of the gas rights in the leased premises, and the pleas were properly overruled.

Considering the defense that defendants did not have their gas line connected with the wells or pipe line of plaintiff, and that they were not taking any gas owned by plaintiff, the evidence is somewhat conflicting. However, the evidence conclusively established that the gas line of defendants was not directly connected with the wells of plaintiff, and that the gas which flows from the wells of plaintiff passes first through a meter, and into a pipe line owned by the Interstate Company, where it commingled with gas from wells owned by that company, and the evidence shows that the gas line of defendants is connected with the pipe line of the Interstate Company.

The evidence further shows that the gas from the wells of plaintiff after it passes the meter, into the pipe line of the Interstate Company, belongs to that company, and we find that the evidence establishes that the gas taken by defendants is not the property of plaintiff. However, we gather from the brief that, even though defendants are not taking gas owned by plaintiff, plaintiff claims he has the right to enjoin defendants from taking gas from the line of the Interstate Company for any other use than in the principal dwelling house on the leased premises.

The specific grounds upon which the position is based are not stated. But we gather from the argument that it is contended that there was some agreement between Hall and the Interstate Company under which the latter obligated itself to furnish gas to the lessors or owners of the land covered by the lease, under the terms and conditions stipulated in the lease, and that defendants were permitted to connect the gas line constructed by them with the pipe line of the Interstate Company under the agreement between Hall and the Interstate Company, and by that agreement the defendants and their co-lessors or co-owners were not to take gas only for use in the principal dwelling house on the leased premises.

There were several witnesses called who referred to some agreement between the Interstate Company and Hall, all of whom admitted, however, on cross-examination, that they did not know of any agreement between the Interstate Company and Hall. It is clear from their testimony that they assumed there was some agreement from the fact, which was established by their testimony, that the Interstate Company was operating the lease, drilling wells, and taking the gas therefrom, and that one of the witnesses had permitted defendants to connect their gas line with the pipe line of the Interstate Company.

If there was any such agreement as assumed, it was the duty of plaintiff to have established same, or prove that he had an

interest in preventing defendants from taking gas belonging to the Interstate Company, as it cannot be presumed that plaintiff had any such interest.

We are therefore of the opinion that the preliminary injunction should have been refused, and the rule discharged at plaintiff's cost, and it is therefore ordered that the preliminary injunction issued herein be set aside, and the rule discharged at plaintiff's cost.